IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL NO. 5:12CV110-RLV
(5:07CR50-RLV-DSC-5)

| | |
|---|---|
| CHAKIRIS LAGEORGE RAMSEY, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, (Doc. No. 1).

**I.    BACKGROUND**

**A.  Offense Conduct**

The Iredell County Sherriff's Office, working in concert with the Mooresville Police Department, began investigating a crack and powder cocaine operation involving Petitioner and fifteen coconspirators. (Crim. Case No. 5:07-cr-50, Doc. No. 368 at 5: PSR). Between 2006 and 2007, undercover officers purchased several hundred dollars' worth of crack cocaine from Petitioner in controlled purchases. (Id.). Interviews with other individuals involved in the conspiracy confirmed that Petitioner was a primary distributor of crack cocaine. (Id. at 6-10). In August 2006, the Mooresville Police Department conducted a probable cause stop of Petitioner's vehicle. (Id. at 6). A subsequent search of Petitioner's vehicle revealed a 9mm handgun under the driver's seat and a loaded magazine under the arm rest. (Id.). In addition, officers found a plastic bag containing 3.1 grams of crack cocaine and 0.7 grams of powder cocaine in the

1

ashtray.  (Id.).

**B.  Procedural History**

On December 18, 2007, the Grand Jury for the Western District of North Carolina charged Petitioner, along with eleven codefendants, in a superseding bill of indictment with conspiracy to possess with intent to distribute powder and crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) (Count One); possession with intent to distribute crack cocaine on or about July 11, 2007, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count Twelve); possession with intent to distribute crack cocaine on or about July 2, 2007, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count Fourteen); possession with intent to distribute cocaine base on or about August 8, 2006, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count Twenty); possession with intent to distribute crack cocaine on or about August 8, 2006, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Count Twenty-One); possession of a firearm during and in relation to a drug trafficking crime on or about August 8, 2006, in violation of 18 U.S.C. § 924(c)(1) (Count Twenty-Two); and possession with intent to distribute crack cocaine and aiding and abetting the same on or about June 1, 2006, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and 18 U.S.C. § 2 (Count Twenty-Five). (Id., Doc. No. 3: Superseding Indictment).  Petitioner entered into a plea agreement in which he agreed to plead guilty to Counts One, Twenty-One, and Twenty-Two.  (Id., Doc. No. 429 at 32-37: Tr. of Plea).  In exchange, the Government agreed to dismiss the remaining counts (Counts Twelve, Fourteen, Twenty, and Twenty-Five).  (Id. at 33).  In light of the Government's concessions, Petitioner waived the right to appeal or attack his conviction and sentence in a post-conviction proceeding, with the exception of claims of ineffective assistance of counsel or prosecutorial misconduct. (Id. at 36; Doc. No. 276 at 5: Plea Agreement).

2

On May 5, 2009, consistent with the terms of his agreement, Petitioner pled guilty before this Court. (Id., Doc. No. 429 at 37-38; 46). After placing Petitioner under oath, this Court explained the charges and associated statutory penalties to which Petitioner agreed to plead guilty. (Id. at 20-21). Petitioner then admitted that he was, in fact, guilty. (Id. at 31-32). Next, the Government summarized the key terms of Petitioner's plea agreement. (Id. at 32-37). Petitioner affirmed that he understood the terms of his agreement and that he agreed with those terms. (Id. at 38). Petitioner also affirmed that he had "told [his] attorney everything [he] want[ed] him to know about [his] case" and that he had sufficient time to discuss "any possible defenses . . . to the charges against [him]." (Id. at 44). At the conclusion of the hearing, this Court found Petitioner's plea to be knowingly and voluntarily made and accepted it. (Id. at 46-47).

In preparation for sentencing, the probation officer prepared a presentence investigation report, calculating an advisory guidelines range of 168 to 210 months in prison based on a total offense level of 33 coupled with a criminal history category of III, followed by a mandatory consecutive sentence of not less than five years for the § 924(c) conviction. (Id., Doc. No. 368 at 19). Before sentencing, the Government filed a motion for downward departure, pursuant to Section 5K1.1 of the United States Sentencing Guidelines and 18 U.S.C. § 3553(e), recommending a sentence of 112 months in light of Petitioner's substantial assistance. (Id., Doc. No. 385: Motion). At sentencing on January 25, 2010, this Court granted the Government's motion and departed even further, sentencing Petitioner to 87 months in prison for the drug counts, followed by a consecutive term of 60 months for the § 924(c) conviction, for a total of 147 months in prison. (Id., Doc. No. 392: Judgment).

This Court entered judgment on Petitioner's sentence on February 1, 2010, (id.), and

Petitioner filed a timely notice of appeal four days later. (Id., Doc. No. 392; Doc. No. 396: Notice of Appeal). On June 20, 2011, the United States Court of Appeals for the Fourth Circuit affirmed this Court's judgment in an unpublished, per curiam opinion. United States v. Ramsey, 435 Fed. App'x 256 (4th Cir. 2011). Petitioner did not seek a writ of certiorari from the Supreme Court but placed the instant motion to vacate in the prison mailing system on June 7, 2012, and it was stamp-filed in this Court on July 27, 2012. (Id., Doc. No. 1-6: Exhibit). In his motion, Petitioner claims that (i) trial counsel was ineffective for failing to investigate and challenge the indictment with respect to the § 924(c) count and that Petitioner is actually innocent of that count as charged, and (ii) trial counsel was ineffective for failing to investigate the legality of the traffic stop and for failing to file a motion to suppress. On August 30, 2012, after Petitioner filed the motion to vacate in this Court, this Court again reduced Petitioner's sentence on the drug counts to 70 months in prison after granting Petitioner's motion to reduce sentence, pursuant to 18 U.S.C. § 3582, in light of retroactive amendments to the crack cocaine guidelines. (Doc. Nos. 478; 530). On December 2, 2013, the Court ordered the Government to respond to the motion to vacate and, after receiving two extensions of time, the Government filed its response on March 30, 2014. (Doc. Nos. 2; 8).

**II.    STANDARD OF REVIEW**

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. If a petitioner's motion survives initial review and once the Government files a Response, the Court must then review the materials submitted by the parties to determine whether an evidentiary hearing is warranted under Rule 8(a) of the Rules Governing Section 2255

4

Proceedings. After having considered the record in this matter, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III.   DISCUSSION**

The Sixth Amendment right to the assistance of counsel during criminal proceedings extends to the plea-bargaining process. As the Supreme Court explained in Hill v. Lockhart, 474 U.S. 52, 57 (1985), the two-part test set forth in Strickland v. Washington, 466 U.S. 668 (1984), governs ineffective assistance claims involving the plea process. Pursuant to that test, to prevail on an ineffective assistance claim, a petitioner must establish that (1) counsel's performance was deficient and (2) there is a reasonable probability that the deficiency prejudiced the defendant. Strickland, 466 U.S. at 687, 694. In the plea context, a petitioner can show prejudice by establishing that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 57-59. Generally speaking, to establish prejudice under Strickland, the petitioner must show that "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

When an ineffective assistance claim arises in the plea context, the Supreme Court has said that the Strickland prejudice inquiry focuses on "whether counsel's constitutionally ineffective performance affected the outcome of the plea process." Hill, 474 U.S. at 59. The Supreme Court has recently observed that where counsel fails to communicate a plea offer, to show prejudice a defendant must show "a reasonable probability [he] would have accepted the . . . plea offer" and that "the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." Missouri v. Frye, 132 S. Ct.

5

1399, 1409 (2012); see also Lafler v. Cooper, 132 S. Ct. 1376, 1387 (2012) ("[P]rejudice can be shown if loss of [a] plea opportunity led to a trial resulting in a conviction on more serious charges or the imposition of a more severe sentence.").

**A. Petitioner's claim that trial counsel rendered deficient performance by failing to object to the § 924(c) count alleged in the superseding indictment and that he is actually innocent of that count**

In his motion to vacate, Petitioner first contends that defense counsel rendered deficient performance by failing to object to the § 924(c) count alleged in the superseding indictment and that he is actually innocent of that count. Petitioner claims that counsel was ineffective for failing to sufficiently investigate the allegation that Petitioner possessed a firearm in furtherance of a drug trafficking crime in violation of § 924(c). Petitioner contends that, given the wording of the superseding indictment, the Government was required to prove that he actively employed or used the firearm during the drug crime and that, in the absence of such proof, counsel was ineffective for failing to challenge the indictment. For the same reasons, Petitioner also argues that he is actually innocent of the § 924(c) count as charged.

Petitioner's claim is foreclosed by the plain language of the indictment. Section 924(c)(1)(A) provides for a mandatory minimum five-year sentence for "any person who, in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A) (emphasis added). The superseding indictment charged that Petitioner "during and in relation to a drug trafficking crime . . . did knowingly and unlawfully use and carry a firearm, that is, a 9-mm semi-automatic handgun, and in furtherance of such drug trafficking crime, did possess said firearm." (Crim. Case No. 5:07-cr-50, Doc. No. 3 at 11) (emphasis added). In so doing, the

Government properly charged Petitioner with two alternative grounds for conviction under § 924(c): (1) use and carry during and in relation to a drug trafficking crime, and (2) possess in furtherance of a drug trafficking crime. As the Supreme Court has recognized, it is "regular practice for prosecutors to charge conjunctively, in one count, the various means of committing a statutory offense" and a violation will be established "by proof of <u>any one of them</u>." <u>Griffin v. United States</u>, 502 U.S. 46, 51 (1991) (emphasis added); <u>see also</u> <u>United States v. Perry</u>, 60 F.3d 246, 256 (4th Cir. 2009) ("It is well established that when the Government charges in the conjunctive, and the statute is worded in the disjunctive, the district court can instruct the jury in the disjunctive."); <u>United States v. Montgomery</u>, 262 F.3d 233, 242 (4th Cir. 2001) ("[W]here a statute is worded in the disjunctive, federal pleading requires the Government to charge in the conjunctive." (quotation omitted)); <u>Brown v. United States</u>, No. 4:08-cv-70050, 2011 WL 4544084, at *13 (D.S.C. 2011) ("Even if § 924(c) creates two separate offenses, the petitioner has no provided no authority indicating that it is inappropriate for a court to instruct the jury in the disjunctive when the Government charges in the conjunctive and the statute is worded in the disjunctive.") (citing <u>Perry</u>, 560 F.3d at 256; <u>Montgomery</u>, 262 F.3d at 242), <u>appeal dismissed</u>, <u>United States v Brown</u>, 539 F. App'x 311 (4th Cir. 2010)).

As Petitioner concedes, it is undisputed that he possessed a firearm in furtherance of a drug trafficking crime by concealing a handgun under the seat of his car while he transported crack and powder cocaine. (Doc. No. 1-1 at 5). Accordingly, by Petitioner's own admission, there was sufficient proof of at least one of the two charged alternatives in the § 924(c) count. Moreover, because the indictment was sufficient to put Petitioner on notice of the offenses charged and to bar any future prosecution for the same crimes, there was no constitutional violation. See <u>Hamling v. United States</u>, 418 U.S. 87, 117 (1974) (discussing the constitutional

7

requirements of an indictment). Because it would have been frivolous for Petitioner's counsel to attack the indictment as defective on the grounds alleged, he was not ineffective for failing to do so. Similarly, because there was sufficient proof to support Petitioner § 924(c) conviction on at least one of the two charged alternatives, Petitioner's actual innocence claim is also without merit. Accordingly, Petitioner's first ineffective assistance of counsel claim is without merit.

**B. Petitioner's claim that trial counsel was ineffective for failing to investigate the legality of the traffic stop and for failing to file a motion to suppress**

Petitioner next contends that he received ineffective assistance because trial counsel failed to adequately investigate and challenge the officer's probable cause determination to execute the stop and search of Petitioner's vehicle in August 2006. By couching his argument as an ineffective assistance of counsel claim, Petitioner seeks to avoid the impact of his guilty plea and post-conviction waiver. See Tollett v. Henderson, 411 U.S. 258, 267 (1973) (explaining that a defendant cannot raise independent claims relating to the deprivation of constitutional rights that occurred prior to his plea). There is simply no evidence, however, to support Petitioner's allegations that counsel failed to conduct an adequate investigation.

The sworn statements Petitioner made during the Rule 11 hearing undermine his allegations of deficient performance. During the extensive colloquy conducted by this Court, Petitioner acknowledged that he understood the charges against him, had discussed the charges and the elements with his attorney, understood what the Government had to prove before he could be found guilty, had enough time to discuss with counsel any possible defenses, had told his attorney everything he wanted him to know about the case, decided for himself, after consulting with counsel, to plead guilty, was pleading guilty because he was, in fact, guilty of the crimes charged, and was fully satisfied with the representation and advice he received from

counsel. In his motion, Petitioner attempts to contradict his earlier representations, alleging, without support, that defense counsel failed to adequately investigate the circumstances of the traffic stop. Petitioner fails, however, to allege the "extraordinary circumstances" necessary to rebut the truth of his sworn statements during the Rule 11 colloquy. See United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005). Accordingly, Petitioner's second ineffective assistance of counsel claim is without merit.

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss the § 2255 petition.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's § 2255 motion to vacate, (Doc. No. 1), is **DENIED** and **DISMISSED**.

2. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong).

Signed: April 16, 2014

Richard L. Voorhees
United States District Judge